IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICRON TECHNOLOGY, INC. and MICRON SEMICONDUCTOR PRODUCTS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 25-629-JLH |
| v. | ) ) | |
| NETLIST, INC., | ) ) | |
| Defendant. | ) ) | |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS, LLC, | ) ) ) ) ) | C.A. No. 25-863-JLH |
| Plaintiff, | ) | |
| v. | ) ) | |
| NETLIST, INC., | ) ) | |
| Defendant. | ) ) | |
| NETLIST, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 26-246-JLH |
| MICRON TECHNOLOGY INC., and MICRON SEMICONDUCTOR PRODUCTS INC., | ) ) ) ) | |
| Defendants. | ) | |

**JOINT LETTER TO THE HONORABLE JENNIFER L. HALL**

To the Honorable Judge Hall:

Netlist, Inc. ("Netlist"), Micron Technology, Inc., and Micron Semiconductor Products, Inc., ("Micron") jointly submit this letter pursuant to the Court's Orders in C.A. Nos. 26-246-JLH (D.I. 37), 25-629-JLH (D.I. 28), and 25-863-JLH (D.I. 27).

## Case Overview

**Technology at Issue**: These are patent infringement and declaratory judgment actions involving U.S. Patent Nos. 10,025,731 (the "'731 patent") and 12,308,087 (the "'087 patent"). The cases include accusations relating to computer memory modules, including HBM (High Bandwidth Memory) and DDR5 RDIMM (Registered Dual Inline Memory Module) products.

**The Infringement Action**: On May 19, 2025, Netlist filed a complaint against Micron in E.D. Tex., alleging infringement of the '087 patent. *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:25-cv-558 (E.D. Tex.) ("-558 case"), D.I. 1. On July 8, 2025, Netlist filed a First Amended Complaint ("FAC") in the then-consolidated lead case (*Netlist, Inc. v. Samsung Elecs. Co.,* No. 2:25-cv-557 (E.D. Tex.), D.I. 15), alleging Micron also infringed the '731 patent. The parties served Preliminary Infringement and Invalidity Contentions on July 16 and September 24, 2025, respectively, and the E.D. Tex. court entered a Docket Control Order (*id.*, D.I. 29), a Discovery Order (*id.*, D.I. 51), and a Protective Order (*id.*, D.I. 52). Micron moved to dismiss the FAC for lack of patent venue and other bases, and the E.D. Tex. court transferred the -558 case to this Court. *Id.*, D.I. 28, 165 (D.I. 26 here). On April 6, 2026, Micron answered Netlist's FAC. D.I. 36.

**The Declaratory Judgment Actions**: On May 20, 2025, Micron filed a complaint for declaratory judgment of non-infringement of the '087 patent. *Micron Tech., Inc. v. Netlist, Inc.*, C.A. No. 25-629 (the "-629 case"), D.I. 1. On July 10, 2025, Micron filed a complaint for declaratory judgment of non-infringement of the '731 patent, and then filed a First Amended Complaint on July 29, 2025. C.A. No. 25-863-JLH (the "-863 case"), D.I. 1, 9. Netlist moved to dismiss or to transfer these cases to E.D. Tex. *Id.*, D.I. 13; 25-629, D.I. 12. The Court denied Netlist's motions in light of the E.D. Tex. court's transfer to this court. *See* -629 case, D.I. 23; -863 case, D.I. 22. On April 8, 2026, Netlist answered Micron's complaints. *See* -629 case, D.I. 27; -863 case, D.I. 26.

## Scheduling Order Disputes

**Overall Schedule**: The parties' proposals differ by up to 9 months.

Netlist's position is that these cases have been pending for a year and Netlist's proposal reasonably extends the previously scheduled trial date by a year: from March 2027 to April 2028 (just under 2 years from today). *See* -557 Dkt. 29. Netlist's proposal already accounts for the E.D. Tex. court's addressing the issue of venue. Netlist reasonably chose to argue in favor of its originally chosen venue in E.D. Tex., where Micron had a longstanding office and the parties have previously litigated disputes through trial and verdict in favor of Netlist as recently as May 2024. Micron simply drew out that process needlessly by not completing its Court-ordered venue discovery until February 2026. While Micron relies on vague descriptions of its prior experiences against Netlist to support its proposed almost three-year trial schedule, those prior experiences include an over $400 M verdict in Netlist's favor for Micron's willful patent infringement. None of Micron's other

1

arguments pointing to other cases even against other parties and with other claims not at issue here, warrant justify such a lengthy, three-year schedule. For instance, Micron claims—without evidence or explanation—that there are "significant invalidity problems with Netlist's patent portfolio," but Micron already served invalidity contentions. As for the stage of the case, Micron's one-sided refusal to participate in discovery to date for over 8 months is artificial and not a reason to extend the schedule out for almost three years. As for potential statements in other proceedings, Netlist's proposal more than accounts for these relatively quick proceedings and, even then, Micron has not sought a stay pending those proceedings and will, presumably as it has in the past, choose to use or not to use any statements if and when they arise. But Micron's speculation about what may occur possibly in the future is not a reason to delay this case.

Micron's position is that the E.D. Tex. case that Netlist refers to was in an improper venue and little non-venue discovery occurred there. Netlist only served 6 non-venue interrogatories and Micron served no discovery. The cases are undisputably in a very early stage.  Micron's proposed schedule is warranted based on Micron's experiences litigating against Netlist.  Netlist has filed six patent litigations targeting Micron in W.D. Tex. and E.D. Tex. going back to 2021—most of which are still pending at the district court level.  A longer schedule is necessary at least because 1) Netlist engages in scorched earth discovery tactics that increase the amount of work required to defend (for example Netlist's 10Q filings identify that it has spent $116.5 million in legal fees between 2022-2025 (Q3)), 2) there are significant invalidity problems with Netlist's patent portfolio (for example, many of Netlist's asserted patent claims were subsequently determined invalid by the Patent Office including all of the patent claims underlying Netlist's sole jury verdict against Micron), 3) there are complex standard-essential patent issues related to Netlist's patent portfolio (for example, the Court is presently dealing with a litigation between Samsung-related entities and Netlist with allegations that "Netlist has illegally exploited the standard-setting process for memory technology" (D. Del. Case No. 25-1859-JLH Complaint at 1)), and 4) more time is warranted to account for Netlist's statements and arguments made in co-pending related proceedings (including a leading ITC-337-TA-1472 action, an instituted PGR2025-00071 challenge, and an instituted IPR2025-01431 challenge encompassing Netlist's currently asserted '087 and '731 patents) and their effect on claim construction, liability defenses and dispositive motion positions here (for example in Netlist's E.D. Tex. Texas Case No. 2:22-cv-00203 against Micron many of the parties' *Markman* positions focused on statements that Netlist made during pending litigations and patent office challenges. *See* -203 Case, Dkt. 249 at 9-13, 17-21, and 31).

**Discovery**: The E.D. Tex. court previously entered specific discovery limits. *See* C.A. No. 2:25-cv-557 (E.D. Tex.), D.I. 51. Micron seeks to lower the previously ordered discovery limits: from unlimited RFPs to 75 RFPs; from 50 RFAs to 25 RFAs; and from 92 deposition hours to 70 hours.

Netlist's position is that this Court should not disturb the E.D. Tex. court's August 11, 2025 order (-557, Dkt. 51) resolving the parties' prior discovery limit disputes. Micron is simply seeking a do-over. The parties previously agreed on all discovery limits, except: "the number of interrogatories (40 or 32) and fact witness deposition hours (110 or 85)" (-557 Dkt. 48 at 1). Micron already agreed that 50 RFAs was appropriate. (-557 Dtk. 48-01, ¶ 5(b)(i)). For depositions, the E.D. Tex. Court split the difference between Netlist's 110-hour proposal and Micron's 85-hour proposal, ordering 92 hours. Micron's new position of 70 hours is well below its prior position and flatly contradicted by its statements about the complexity of this case somehow warranting a three year trial schedule. As for its artificial limit on RFPs—which is not called for by the Federal Rules

or this Court's default order—Micron baselessly claims that Netlist engaged in "scorched earth litigation" by recently re-serving 175 requests for production that it served over eight months ago (on September 12, 2025). Micron did not object then to the number of requests, but simply withheld production and is using this process for a *de facto* protective order on waived objections.

Micron's position is that this Court should resolve the discovery limit disputes. The E.D. Tex. prior order is not controlling as that Court lacked proper venue. Further, Netlist's allegation that Micron did not previously object to its 175 RFPs is misleading because the E.D. Tex.'s discovery order required document production "[w]ithout awaiting a discovery request" to "obviate the need for requests for production." Micron's proposal of more limited discovery limits is warranted at least because, as stated above, Micron has learned from prior litigations that Netlist engages in unnecessary scorched earth litigation practices during discovery. Indeed, Netlist has already demonstrated that it intends to follow suit here by its recent service of 175 requests for production. The Court should adopt Micron's proposal, which allows for adequate but not overly burdensome discovery by both sides, and Netlist has not demonstrated any reason why the additional discovery it seeks is warranted. For example, Micron's proposal for deposition hours tracks the ten 7-hour deposition limit imposed by the Federal Rules and Netlist has demonstrated no reason to stray from these limits. *See* Fed. R. Civ. P. 30(a)(2)(A)(i) and 30(d).

**Limitation on Expert Reports.** The parties differ on the use of expert declarations in motions.

Netlist's position is that there should be no artificial limitation on the use of expert reports to support motions. Setting aside Micron's speculation, the Court's default order either permits or bars expert declarations with any motions. Netlist's proposal aligns with this, permitting the use of expert declarations with one important addition limiting opinions to those "otherwise timely disclosed in an expert report" to prevent sandbagging. Micron agrees expert testimony should be used with motions, but seeks to impose an arbitrary limitation on which motions that is not contemplated by the default order. Micron's proposal, for instance, bars expert declarations with early motions for summary judgment, which is an appropriate occasion for expert declarations.

Micron's position is that expert declarations can be submitted with claim construction briefing and within the Court's schedule for the party with the burden of proof. Netlist's proposal for *additional* expert declarations in connection with each motion it files imposes an unnecessary cost and invites unnecessary disputes. Netlist's proposal will increase costs dramatically, potentially requiring preparation of rebuttal expert reports for each motion and accompanying depositions. Netlist's proposal that these new reports will only be allowed "only insofar as the opinions provided in such expert declarations were otherwise timely disclosed in an expert report" is no solution to these problems and only invites disputes as to whether the opinions in a newly submitted declaration were truly otherwise provided in a timely disclosed expert report.

## Other Issues

**Protective Order**: The E.D. Tex. court entered a Protective Order (Dkt. 52). The parties agree that the Protective Order should apply here, and will file a notice of lodging of the Protective Order in this court and respectfully request that the Court confirm that the Protective Order will continue to apply moving forward. Or, if the Court prefers, the parties will file a clean copy. The Protective Order shall also be modified to adopt the Court's required language. Scheduling Order ¶ 4.

3

Respectfully,

*/s/ Emily S. DiBenedetto*

Emily S. DiBenedetto (No. 6779)

cc:    Clerk of the Court (by CM/ECF)
       All counsel of record (by CM/ECF and email)

4